WILLIAM SMITH, Appellant, *v.* McDOUGAL, et al, Respondent.

*If money be paid in mistake of law, and not of fact, the Court cannot relieve.*

APPEAL from the Sixth Judicial District, County of Sacramento.

The complaint states, that at March term, 1851, the plaintiffs recovered judgment against defendants, for $1000, with interest from 3rd of August, 1850; that since the recovery, one of the plaintiffs, McDougal, had paid to defendant, $625, on account of the judgment, and since that payment, the plaintiffs had fully paid the balance due thereon and costs. Yet the defendant refuses to apply the sum paid by McDougal, to the discharge of the judgment, although the same was paid on joint account, for legal services rendered by defendant to the plaintiffs, jointly, and for which the judgment was rendered; and that defendant is proceeding to collect the sum so paid by McDougal, by execution. Wherefore plaintiffs pray for an injunction to restrain him, &c., till the case can be heard. July 23rd, the injunction as prayed for, was granted.

August 20th, 1851, defendant answered, and denied any payment on the said judgment, made to him in person; but presumed some payments had been made, as he had received some money from his attorney in the case, and knowing nothing, demanded strict proof; but says, that shortly after said judgment, and when he was about to bring suit against McDougal, upon an award to which he was a party, although it had been shown that himself, Gillespie and Fowler, were not bound thereby, said McDougal called upon defendant, and proposed to pay him $625 as his part of the judgment aforesaid—one-third thereof—that

defendant informed McDougal of his intention to bring suit against him on said award, and that if the award were credited with the payment he proposed to make to the whole judgment, a balance would still be unpaid; but if he thought fit to pay the above sum to the award, he would bring no suit against him on the award. And to this McDougal agreed, and defendant gave him a receipt for the money paid, accordingly—and demands the receipt, and prays a dissolution of the injunction.

Defendant produced a receipt, April 1st, 1851, from himself to Governor John McDougal, for $625, "being one-fourth of the award between us made, &c. Signed Wm. Smith." And a letter, April 2nd, 1851, "Above I send my receipt. I withdrew the award by consent of the Court, and intended to contend with you for $875, the balance, after deducting, &c., * * * but from what passed between us, I am content to make my recovery out of the other two." Signed, Wm. Smith."

The Court overruled the motion, and continued the injunction, and an appeal was taken by agreement of counsel.

MURRAY, Chief Justice, delivered the opinion of the Court, with which HEYDENFELDT, Justice, concurred.

The plaintiffs filed their bill in the Court below, to enjoin the collection of a certain amount of money, which they alleged to have been already paid, by one of the plaintiffs to the defendant.

It appears from the agreed case, that the amount was paid upon an award, and not upon the judgment before rendered between the parties. If this had been a mistake, (which the record does not warrant me in supposing,) it was a mistake of law, and not of fact, against which the Court could not relieve.

The record discloses the fact, that the amount was credited upon the award, by agreement.

The judgment of the Court below is reversed, with costs.